Fourth Appellate Department, April, 1900. Reported. 50 App. Div. 622.

In the Matter of the Petition of FREDERICK H. COMAN, Respondent, for an Order Revoking and Cancelling Liquor Tax Certificate No. 24,088, Issued to STRANAHAN DOWNER, Appellant.

This is an appeal from an order revoking the liquor tax certificate of the appellant.

JOSEPH P. SCHATTNER, attorney for appellant: It was neither alleged nor proven that appellant had been indicted and convicted for a violation of the statute, in a court having jurisdiction of crimes of the grade of felony. Matter of Lyman, 160 N. Y. 96. Sub. 2 of Section 28 of the Liquor Tax Law is unconstitutional, being in conflict with sections 1, 6 and 17 of Article I of State Constitution. It is also in conflict with section 1 article 14 of the amendments of the Constitution of the United States. There was no evidence that appellant was present when liquor was sold as charged, or knew or authorized its sale or that there had been two convictions of his agents.

L. H. JONES, attorney for respondent: The principal is liable in civil actions for the frauds, deceits and misrepresentations of his agent, committed in the course of the agent's employment, although principal did not authorize or participate in the transaction. (Story on Agency, Sec. 452; *Lee* v. *The Village of Sandy Hill,* 40 N. Y. 448; *Buffalo & Hamburg Turnpike Co.* v. *City of Buffalo,* 58 N. Y. 639, 642; *Maxmilian* v. *Mayor,* 62 N. Y. 160, 164; *Stoddard* v. *Village of Saratoga Springs,* 127 N. Y. 261; *Peters* v. *Mayor,* 8 Hun, 408; *Duffus* v. *Schwinger,* 7 Misc. 501; *Mahon* v. *Mayor,* 10 Misc. 666.) The principal is liable for the unlawful selling of spirituous liquor by an agent. The *United States* v.

20

*Voss,* 1 Cranch, C. C. R. 101; *The United States* v. *Conner,* 1·
·Cranch C. C. R. 102; *Hall v. McKechnie,* 22 Barb. 244 at 247 and
.248; *Matter of Kinzel,* 28 Misc. 622 at 627. The doctrine intimated
in *Matter of Lyman,* 160 N. Y. 96 that a conviction was a con-
dition precedent to a revocation of a liquor tax certificate has
been discarded by the Court of Appeals. (*Matter of Campbell* v.
*Robinett,* 162 N. Y. 612.)　An injunction to restrain the transfer
or surrender of a liquor tax certificate during the pendency of a
proceeding to revoke the same is not unconstitutional.

Order affirmed with ten dollars costs and disbursements. All
·concurred.

---

Fourth Appellate Department, April, 1900. Reported. 50 App. Div. 622.

Order affirmed with ten dollars costs and disbursements. All
·concurred.